IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHRYN YOST,

    Plaintiff,

    v.

MATTESON FUEL, INC. d/b/a/
MARATHON GAS

    Defendant.

## COMPLAINT

Plaintiff, KATHRYN YOST (Kathryn), by her attorneys, brings this action against MATTESON FUEL, INC. d/b/a MARATHON GAS as follows:

## INTRODUCTION

1. Matteson Fuel d/b/a Marathon Gas ("Marathon Gas") operates a fuel station in Matteson, Illinois. Marathon Gas sells self-service fuel and operates an on-site convenience store that is open to the public. Marathon Gas also has an on-site bathroom that is open to the public.

2. The Americans with Disabilities Act ("ADA") was enacted in 1990 to provide a national mandate for the elimination of discrimination against individuals with disabilities. Title III of the ADA requires that public accommodations make themselves accessible, so that people with disabilities can fully participate in their community. Nevertheless, 27 years after the ADA's passage, individuals with disabilities still face discrimination in their day-to-day lives.

3. Marathon Gas violated Title III of the ADA when it prevented Plaintiff, Kathryn Yost, an individual with a disability who uses a service animal, from using its public bathroom.

Plaintiff seeks an order compelling Defendant to allow individuals with disabilities to use its bathrooms without interference and seeks damages for the injuries she sustained as a result of Defendant's illegal actions.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action because the ADA is a federal statute, 42 U.S.C. § 12188(a)(1), and the action raises a federal question under 28 U.S.C. § 1331. Further, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the related non-federal claims.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Defendant does business in this judicial district, and the events at issue occurred within this district.

## PARTIES

6. Defendant, Matteson Fuel, Inc. d/b/a/ Marathon Gas, is an Illinois corporation doing business in the State of Illinois at 4750 Lincoln Highway, Matteson, Illinois 60443.

7. Plaintiff, Kathryn Yost, is a person with a disability who resides at 517 High Street, Wauconda, Illinois 60084.

## FACTS

8. Plaintiff, Kathryn Yost, is a 42-year-old woman with multiple sclerosis. Her symptoms include difficulty with walking, balance, and bending; weakness; urinary incontinence; anxiety; and depression.

9. The U.S. Department of Justice is charged with interpreting and enforcing Title III of the ADA and has defined service animal as "any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability, including, but not limited to, guiding individuals with impaired vision, alerting

individuals with impaired hearing to intruders or sounds, providing minimal protection or rescue work, pulling a wheelchair, or fetching dropped items." 28 CFR Part 36.104

10. Kathryn's dog meets the definition of service animal.

11. Because of her multiple sclerosis, Kathryn relies upon her individually trained service dog for bracing and stabilization, retrieval of objects from the ground, opening the refrigerator, and a variety of other tasks.

12. Kathryn's service animal wears a harness similar to the ones used by guide dogs assisting individuals with visual impairments. The service animal also wears a bright blue backpack over the harness, which displays several patches: (1) a stop sign symbol with words "do not pet;" (2) a rectangular service animal patch; and (3) a symbol for paramedics that says "mobility assistance dog - access required by ADA law."

13. On Saturday, January 2, 2016, Kathryn was driving alone with her service animal to Champaign, Illinois.

14. Kathryn stopped at Marathon Gas to refuel her car and use its public bathroom.

15. Kathryn entered the Defendant's convenience store with her service animal. The service animal was clearly displaying its aforementioned service backpack, which identified it as a service animal.

16. A Marathon Gas employee yelled at Kathryn, "You can't have that dog in here!" Kathryn explained to the employee that her dog is a service animal and proceeded to walk towards the bathroom; she was afraid that she would have a urinary accident if she did not use the bathroom immediately. The employee continued to shout at Kathryn, "No, you can't have the dog in here! Get him out!"

17. Kathryn tried to explain to the employee that the Americans with Disabilities Act allowed her to bring her service animal into the convenience store. Two other Marathon Gas employees, both men, started loudly yelling at her to get out of the store. Kathryn suggested that the employees call the police if they did not believe that she and her service animal were allowed in the store.

18. Yet another Marathon Gas employee appeared and stepped in front of Kathryn, physically blocking her from going into the bathroom. Two of the other employees joined him so that she was surrounded and unable to move forward or turn. The employees continued to yell at Kathryn. Because Kathryn has great difficulty walking backwards with her service animal, she was unable to escape.

19. As a result of Defendant's employees' actions, Kathryn felt intimidated, threatened, and feared for her safety. Kathryn felt like she was going to pass out due to the stress of the situation. She also felt like she might have a urinary accident at any moment.

20. Ultimately, Kathryn was able to exit the store and called the police.

21. Upon arrival, a police officer informed Defendant's employees that they were required under law to let Kathryn use the public bathroom with her service animal. Kathryn was so intimated and threatened by the Marathon Gas employees that she asked the police officer to escort her to and from the bathroom, which he did.

22. Kathryn experienced pain, discomfort, fear, emotional distress, and humiliation as a result of Defendant's employees' actions. Kathryn's suffering was exacerbated by her urinary incontinence and multiple sclerosis.

23. As a result of the incident, Kathryn continues to be extremely fearful of entering public buildings.

24. The Marathon Gas employees referenced in this Complaint were agents and/or employees of Marathon Gas and were acting in the course and scope of their agency or employment with Marathon Gas.

## COUNT I

**Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101,** *et seq.*

25. Each of the above Paragraphs of this Complaint is incorporated by reference as if restated fully herein.

26. Kathryn is an individual with a "disability" under the meaning of the ADA. The ADA defines disability as "an individual [with] a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). The ADA defines major life activities to include "walking, standing, and bending." 42 U.S.C. §12102(2)(A). Kathryn is an individual with a disability because she is substantially limited in her ability to walk, stand, and bend due to her multiple sclerosis.

27. Kathryn's dog meets the definition of service animal in the Title III regulations in that it is a dog that is individually trained to provide bracing and stabilization, retrieval of objects from the ground, opening the refrigerator, and a variety of other tasks. 28 CFR Part 36.104

28. Defendant operates a "public accommodation" within the meaning of Title III of the ADA. Public accommodations include gas stations and stores. 42 U.S.C. § 12181(7)(F).

29. Title III of the ADA prohibits discrimination by public accommodations, stating that:
    No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

5

30. Furthermore, the implementing regulations of Title III of the ADA state that:

    Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go. 28 C.F.R. § 36.302(c)(7).

31. Defendant discriminated against Kathryn and violated the ADA by denying the equal enjoyment of its facilities and accommodations. Defendant did not allow Kathryn, an individual with a disability, the equal access and enjoyment of the bathroom that it affords to individuals without disabilities.

32. Defendant's discrimination not only violated Title III of the ADA, but also resulted in pain, discomfort, fear, emotional distress, and humiliation to Kathryn.

## COUNT II – State Law Claim

### Negligence

33. Each of the above Paragraphs of this Complaint is incorporated by reference as if restated fully herein.

34. Under Illinois law, Marathon Gas is responsible for the tortious acts of its employees, including negligent, willful, malicious, or even criminal acts when such acts are committed in the course of their employment and in furtherance of the employer.

35. The Defendant owed Kathryn a duty of reasonable care as a Business Invitor holding itself open to the public. The Defendant owed Kathryn the duty to conform its conduct for her benefit and protection.

36. Defendant breached its duty of reasonable care when it failed to properly train its employees to comply with federal and state laws mandating that public accommodations permit

individuals with disabilities to be accompanied by their service animals. The Defendant should have trained its employees as it is a public business and is required to accommodate people with disabilities who use service animals.

37. Additionally, the Defendant negligently failed to supervise its employees to ensure that they were not discriminating against individuals with disabilities.

38. The Defendant, as a result of its negligence, failed to allow Kathryn, an individual with a disability, access to its bathroom with her service animal. This failure caused Kathryn pain, discomfort, fear, emotional distress, and humiliation.

39. This Court has supplemental jurisdiction over this State law claim under 28 U.S.C. § 1367.

## COUNT III – State Law Claim

### Assault

40. Each of the above Paragraphs of this Complaint is incorporated by reference as if restated fully herein.

41. Under Illinois law, an assault involves a "reasonable apprehension of an imminent battery, with the term 'reasonable apprehension' meaning a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *Smith v. City of Chicago*, 143 F.Supp.3d 741, 760-1 (N.D. Ill. 2015).

42. Defendant's employees acted in a loud, aggressive manner and directed force toward Kathryn, such that Kathryn had a well-founded fear of imminent injury. Further, the Defendant's employees had the ability to injure Kathryn, a fact that she was well aware of and that placed her in fear for her safety.

43. Kathryn reasonably believed her physical well-being was at risk when Defendant's employees surrounded her, blocked her free movement, and yelled loudly at her.

44. This Court has supplemental jurisdiction over this State law claim under 28 U.S.C. § 1367.

## COUNT IV – State Law Claim

### False Imprisonment

45. Each of the above Paragraphs of this Complaint is incorporated by reference as if restated fully herein.

46. Defendant's employees intentionally blocked Kathryn's path to the bathroom and, against her will, unlawfully detained, confined, and restrained Kathryn.

47. Kathryn was conscious of her confinement and suffered discomfort, fear for her physical well-being, and emotional distress as a result of Defendant's employees blocking her entrance to the bathroom and her means of exit from the store.

48. The detention, confinement, and restraint of Kathryn were unlawful, as there were no grounds to reasonably believe that Kathryn had committed an offense.

49. This Court has supplemental jurisdiction over this State law claim under 28 U.S.C. § 1367.

### Request for Relief

A) Injunctive relief in the form of Marathon fully educating and informing its current and future employees of their obligations under the ADA, as well as refraining from future acts of discrimination;

B) Damages in an amount to be determined;

C) Attorneys' fees and costs; and

D) For such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: November 10, 2017

RESPECTFULLY SUBMITTED,

*/s/ Jin-Ho Chung*
One of the Attorneys for Plaintiff


Jin-Ho Chung
Laura J. Miller
Equip for Equality, Inc.
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
312-895-7312
312-341-0022
jinho@equipforequality.org